UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELIJAH ISAACS, <br><br> Plaintiff, <br><br> v. <br><br> SGT. GORDON, et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-332-RLM-MGG |

OPINION AND ORDER

Elijah Isaacs, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Isaacs alleges that, on the morning of December 30, 2018, Sergeant Gordon began to escort him from his cell to the recreational yard. On the way, he heard another inmate yelling, cursing, and threatening to "gun down" someone. When they approached this inmate's cell, the inmate threw a bowl of feces and urine at Mr. Isaacs and Sergeant Gordon, some of which landed in Mr.

Isaacs's eyes. Mr. Isaacs showered and asked to go to the medical unit, but Nurse Raines refused to examine him. Mr. Issacs went to the medical unit later that day, but Nurse Raines again refused to examine him and also refused to give him eye drops, antibiotics, or a blood test. Mr. Isaacs since suffered an eye infection and a partial loss of vision. For his claims, he seeks money damages.

Mr. Isaacs asserts an Eighth Amendment claim against Sergeant Gordon for failing to protect him from another inmate's attack. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). The complaint states a plausible Eighth Amendment failure to protect claim against Sergeant Gordon.

Mr. Isaacs also asserts an Eighth Amendment claim against Nurse Raines for refusing to treat him after the attack. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer, 511

U.S. at 834. The complaint states a plausible Eighth Amendment claim of deliberate indifference to serious medical needs against Nurse Raines.

For these reasons, the court:

(1) GRANTS Elijah Isaacs leave to proceed on an Eighth Amendment claim for money damages against Sergeant Gordon for failing to protect him from another inmate's attack on December 30, 2018;

(2) GRANTS Elijah Isaacs leave to proceed on an Eighth Amendment claim for money damages against Nurse Raines for acting with deliberate indifference to serious medical needs by refusing to treat him after the attack on December 30, 2018;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sergeant Gordon and Nurse Raines at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Gordon and Nurse Raines respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Elijah Isaacs has been granted leave to proceed in this screening order.

SO ORDERED on June 20, 2019

        s/ Robert L. Miller, Jr.
        JUDGE
        UNITED STATES DISTRICT COURT